Edwin Alexander SANCHEZ-GAITAN; et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04-73602.

Agency Nos. A96-047-825, A96-047-826.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

Edwin Alexander Sanchez Gaitan, Las Vegas, NV, pro se.

Yesika Ivett Rivera De Sanchez, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Attorney, Melissa Neiman–Kelting, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM***

Edwin Alexander Sanchez–Gaitan and his wife Yesika Y. Rivera de Sanchez, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Sanchez–Gaitan failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Sanchez–Gaitan left the El Salvadoran air force without permission after his letters of resignation were denied. He now fears that he will be prosecuted by the military in El Salvador because he abandoned his position. Fear of prosecution for avoiding military service does not constitute persecution on account of a protected ground. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir.2005) (citing *Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir.1991)).

Sanchez–Gaitan's contention that the BIA's affirmance without opinion of the IJ's decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Because Sanchez–Gaitan failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

